WILLIAM A. CORNELIO, III, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 28684.
Intermediate Court of Appeals of Hawaii.
November 25, 2008.
On the briefs:
William A. Cornelio, III, petitioner-appellant, pro se.
Renee Ishikawa Delizo, deputy prosecuting attorney, County of Maui, for plaintiff-appellee.

MEMORANDUM OPINION

NOT FOR PUBLICATION
WATANABE, PRESIDING J., NAKAMURA, and LEONARD, JJ.
Petitioner-Appellant William A. Cornelio, III (Cornelio), pro se, appeals from the "Findings of Fact, Conclusions of Law, and Judgment Denying [Hawai`i Rules of Penal Procedure (HRPP)] Rule 40 Petition for Post-Conviction Relief" filed on July 31, 2007 (July 31, 2007 Judgment) in the Circuit Court of the Second Circuit[1] (circuit court). Cornelio filed his "Petition to Vacate, Set Aside, Correct Judgement [sic], or to Release Petitioner from Custody" (Third Rule 40 Petition) on March 22, 2007, pursuant to HRPP Rule 40, seeking to "correct his illegal conviction and sentence."
We vacate the July 31, 2007 Judgment, vacate part of the June 7, 2007 Third Amended Judgment in Cr. No. 94-0590(2), and remand this case to the circuit court for further proceedings consistent with this opinion.

BACKGROUND

A. The Underlying Criminal Case (Cr. No. 94-0390(2))
In the criminal case underlying the Third Rule 40 Petition, Cornelio was charged with the following offenses: Count 1, terroristic threatening in the first degree in violation of Hawaii Revised Statutes (HRS) § 707-716(1)(d) (1993); Count 2, place to keep firearm in violation of HRS § 134-6(c) (1993); Count 3, prohibited possession of a firearm in violation of HRS § 134-7(b) (1993); Count 4, prohibited possession of firearm ammunition in violation of HRS § 134-7(b); and Count 5, possession of a prohibited firearm or device in violation of HRS § 134-8 (1993). The charges arose out of a fight involving Cornelio in which Cornelio retrieved a sawed-off shotgun from the trunk of his car, loaded the shotgun with ammunition, and pointed the shotgun at Vahafolau Faleta.
Cornelio was found guilty following a jury trial. The circuit court sentenced Cornelio to indeterminate ten-year terms of imprisonment for Counts 2, 3, and 4, and to indeterminate five-year terms of imprisonment for Counts 1 and 5. The circuit court further imposed consecutive mandatory minimum periods of imprisonment of three years and four months for Counts 1 through 4, and one year and eight months for Count 5. The circuit court entered its judgment on October 13, 1995. Cornelio appealed (Appeal No. 19479).

B. The First Appeal
On appeal, Cornelio argued that the circuit court reversibly erred in sentencing him to consecutive mandatory minimum terms of imprisonment, pursuant to HRS §§ 706-606.5 and 706-660.1. In an opinion filed on April 7, 1997, the Hawai`i Supreme Court affirmed the sentence of the circuit court with respect to Count 1, and vacated Cornelio's sentence with respect to Counts 2 through 5 and remanded to the circuit court for resentencing as to those counts.[2] As to Counts 2 through 5, the supreme court held that Cornelio was improperly sentenced to serve consecutive mandatory minimum prison terms. On remand, the circuit court filed a Third Amended Judgment on June 7, 2000, sentencing Cornelio to: (1) indeterminate ten-year terms of imprisonment for Counts 2, 3, and 4; (2) indeterminate five-year terms of imprisonment for Counts 1 and 5; and (3) mandatory minimum terms of imprisonment of: three years and four months for Counts 1 to 4, and one year and eight months for Count 5. The Third Amended Judgment specified that: all indeterminate terms of imprisonment were "to run consecutively to each other for a total of forty years"; the mandatory minimum terms for Counts 2, 3, 4, and 5 were to run concurrent to each other but consecutive to Count 1, for a total of six years and eight months; and all terms were to run consecutive to the sentence imposed in Cr. No. 87-1577.

C. The First Rule 40 Petition
Meanwhile, on May 5, 1997, Cornelio filed a "Petition to Vacate, Set Aside, Correct Judgment, or to Release Petitioner from Custody" (First Rule 40 Petition). In the First Rule 40 Petition, Cornelio raised the following grounds for relief:
(1) Cornelio's conviction was obtained by use of evidence acquired through unconstitutional search and seizure;
(2) Cornelio's conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence to him because the prosecution failed to call as a witness Sione Pese (Pese), who had exculpatory evidence;
(3) Cornelio received ineffective assistance of counsel, based on the fact that he had previously filed a complaint against trial counsel; and
(4) New evidence was discovered that the picture of the gun introduced into evidence was not the same gun he allegedly possessed.
On June 16, 1997, the circuit court filed its Decision and Order denying the First Rule 40 Petition (First Order) without a hearing. Cornelio appealed the First Order.[3] On appeal, Cornelio's only arguments were that the circuit court erred in denying the First Rule 40 Petition without a hearing and in not considering the issue of ineffective assistance of counsel. Cornelio argued that his trial counsel was ineffective for failing to call Pese as a witness.
On June 4, 1998, the Hawai`i Supreme Court summarily affirmed the First Order.

D. The Second Rule 40 Petition
On May 17, 2005, Cornelio filed a second HRPP Rule 40 petition (Second Rule 40 Petition), which was again denied by the circuit court without a hearing (Second Order). Cornelio argued in the Second Rule 40 Petition that the circuit court committed error by failing to instruct the jury that in order to convict Cornelio of the multiple offenses with which he was charged, it was required to find that Cornelio acted with "separate and distinct intents" for each of the charged offenses. On appeal, Cornelio argued that:
(1) the trial court failed to give a "separate and distinct intents" instruction to the jury and (2) he was denied effective assistance of trial and appellate counsel because (a) trial counsel failed to request the foregoing jury instruction and (b) appellate counsel failed to challenge on direct appeal the trial court's failure to instruct the jury.
Cornelio v. State, No. 27395, 2006 WL 3190339, at *1 (Haw. Nov. 6, 2006). On November 6, 2006, the Hawai`i Supreme Court, by summary disposition order, affirmed the Second Order. The supreme court determined that Cornelio had waived all issues presented in the appeal by failing:
(1) to raise the issue whether the [circuit] court should have instructed the jury on "separate and distinct intents" at the trial, on appeal, or in [the First Rule 40 Petition], (2) to present any facts to rebut the presumption that the failure to raise that issue was made knowingly and understandingly, and (3) to prove the existence of extraordinary circumstances to justify his failure to raise the issue[.]
Id.

E. The Motions for Clarification and for Correction of Conviction and Sentence
On February 9, 2007, Cornelio filed a "Motion for the Clarification of Judgement [sic] and Sentence Imposed After the Hawai`i Supreme Court Vacated Sentence in S.C. No. 19479" (Motion for Clarification). In the Motion for Clarification, Cornelio argued that:
(1) The circuit court failed to resentence him in a manner consistent with the supreme court's opinion because Cornelio was resentenced to concurrent mandatory minimum terms of imprisonment for Counts 2 through 5, based upon the use of a firearm; and
(2) The circuit court erred in imposing consecutive sentences.
On March 14, 2007, the circuit court denied the Motion for Clarification (Order Denying Clarification).
On March 7, 2007, Cornelio filed a Motion for the Correction of Illegal Conviction and Sentence (Rule 35 Motion), pursuant to HRPP Rules 35, 40, and 47. In the Rule 35 Motion, Cornelio argued that multiple convictions for firearm offenses arising out of a single event violated the constitutional prohibition against double jeopardy and the rule of lenity. He also argued that the imposition of consecutive sentences violated the constitutional prohibition against cruel and unusual punishment. On March 7, 2007, the circuit court denied the Rule 35 Motion (Order Denying Rule 35 Motion) on grounds that the motion was not filed within ninety days of the imposition of sentence, as required by HRPP Rule 35.
On March 21, 2007, Cornelio filed notices of appeal from the Order Denying Rule 35 Motion and the Order Denying Clarification. On August 15, 2007, the Intermediate Court of Appeals dismissed the appeals due to Cornelio's failure to either pay the filing fee or submit a motion to proceed in forma pauperis.

F. The Third Rule 40 Petition
On March 22, 2007, Cornelio filed the Third Rule 40 Petition, which underlies this appeal. Cornelio argued that:
(1) A challenge to an illegal sentence may be brought at any time under HRPP Rule 40(a)(1)(iii); and
(2) The convictions and sentences imposed for Count 2, place to keep firearm in violation of HRS § 134-6(c) (1993); Count 3, prohibited possession of a firearm in violation of HRS § 134-7(b) (1993); Count 4, prohibited possession of firearm ammunition in violation of HRS § 134-7(b); and Count 5, possession of a prohibited firearm or device in violation of HRS § 134-8 (1993) violated the double-jeopardy and cruel-and-unusual-punishment clauses of the United States and Hawai`i constitutions. Respondent-Appellee State of Hawai`i (State) filed an opposition to the Third Rule 40 Petition on May 31, 2007. On July 31, 2007, the circuit court denied the Third Rule 40 Petition without a hearing. The circuit court held, in summary, that:
(1) Cornelio waived the issue of double jeopardy because he failed to raise the issue in his direct appeal and prior HRPP Rule 40 petitions, and "has not proven the existence of extraordinary circumstances to justify his failure to raise this issue, nor has he rebutted the presumption that his failure to raise these issues was a knowing and understanding failure";
(2) The double-jeopardy clause does not bar imposition of multiple punishments for the offenses of prohibited possession of a firearm and prohibited possession of ammunition where the prohibited-possession-of-ammunition charge arises from the possession of ammunition stored separately from the firearm;
(3) The double-jeopardy clause does not prohibit convictions for violations of HRS §§ 134-6(c) and 134-8; and
(4) The Third Rule 40 Petition does not present a colorable claim.
On appeal, Cornelio argues that:
(1) The circuit court erred in denying his Third Rule 40 Petition without a hearing; and
(2) The circuit court erred in failing to consider that the sentences imposed on him are illegal under State v. Auwae, 89 Hawai`i 59, 968 P.2d 1070 (App. 1998), rev'd on other grounds, State v. Jenkins, 93 Hawai`i 87, 112, 997 P.2d 13, 38 (2000), and United States v. Keen, 104 F.3d 1111 (9th Cir. 1996).

THE STANDARD OF REVIEW
An HRPP Rule 40 petition may be denied without an evidentiary hearing if
the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.
HRPP Rule 40(f). Appellate review of a decision to deny an HRPP Rule 40 petition without a hearing is de novo. Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994).
The circuit court's determination as to a sentence is usually reviewed for an abuse of discretion. State v. Gaylord, 78 Hawai`i 127, 143-44, 890 P.2d 1167, 1182-83 (1995). However, the interpretation of a statute to determine if the legislature intended multiple punishments is reviewed de novo. Auwae, 89 Hawai`i at 65, 968 P.2d at 1076.

DISCUSSION

A. Cornelio Did Not Waive His Challenge to the Illegal Sentence.
Initially, we conclude that Cornelio was not barred from challenging the legality of his multiple punishments even though he failed to raise the issue in his direct appeal and prior attempts at post-conviction relief. HRPP Rule 40(a)(3) expressly states that HRPP Rule 40 relief is not available
where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue."
(Emphasis added.) Where, as in the present case, a double-jeopardy claim is based on the imposition of multiple sentences in a single prosecution, the issue is one of multiple punishment and thus, whether the sentence is illegal. State v. Feliciano, 107 Hawai`i 469, 476, 115 P.3d 648, 655 (2005). Cornelio's challenge to the legality of the multiple sentences imposed on him in a single prosecution was therefore not waived under HRPP Rule 40(a)(3).

B. Cornelio was Subjected to Unlawful Multiple Punishments, Based upon His Convictions for Possession of a Firearm and Possession of Ammunition.
In light of State v. Auwae, we conclude that Cornelio raised a colorable claim that he was improperly subjected to multiple punishments as a result of the sentences imposed for Counts 3 and 4. The State concedes that the shotgun that was the basis of the Count 3 charge of prohibited possession of a firearm in violation of HRS § 134-7(b), and the ammunition that was the basis of the Count 4 charge of prohibited possession of ammunition in violation of HRS § 134-7(b), both came from the trunk of Cornelio's car. The State distinguishes the holding in Auwae on grounds that the ammunition charge in Auwae was based upon ammunition loaded in the prohibited firearm, whereas, in the present case, the ammunition was separate from the firearm, albeit in the same trunk.
In Auwae, this court relied upon the decision in United States v. Keen, 104 F.3d 1111 (9th Cir. 1996), in concluding that the defendant could not be subjected to multiple punishments for being a felon in possession of a firearm and being a felon in possession of ammunition loaded in the firearm. Auwae, 89 Hawai`i at 67, 968 P.2d at 1078. In Keen, the defendant was separately convicted and sentenced for possessing a firearm (which was loaded with ammunition) and possessing ammunition that was found in the same room as the loaded firearm. Keen, 104 F.3d at 1112. In addition, the court in Auwae approvingly cited several cases which found improper multiple punishments based upon a felon's possession of ammunition that was found separate from the firearm, and even a felon's possession of multiple firearms. Auwae, 89 Hawai`i at 67, 968 P.2d at 1078 (citing United States v. Hutching, 75 F.3d 1453, 1460 (10th Cir. 1996) (holding that simultaneous possession of multiple firearms seized from different locations around the defendant's residence on the same day constituted one offense only); United States v. Throneburg, 921 F.2d 654, 655-57 (6th Cir. 1990) (holding that it was permissible to try a defendant with separate counts for possession of a handgun and possession of ammunition as long as convictions for the separate offenses merged for sentencing purposes)). Although the ammunition at issue in Auwae was inside the firearm possessed by a felon, we conclude that the Auwae decision encompasses the situation in the present case, where the ammunition was found outside the firearm but the ammunition and firearm were simultaneously possessed and had been stored in the same location.
Accordingly, Cornelio raised a colorable claim that he was improperly punished for both Count 3, the prohibited-possession-of-firearm charge, and Count 4, the prohibited-possession-of-ammunition charge, and the circuit court should have held a hearing on this claim.

C. Cornelio's Convictions on Counts 2, 3, and 5 Did Not Result in Unlawful Multiple Punishments.
Initially, we observe that the Hawai`i Supreme Court upheld Cornelio's convictions on Counts 2, 3, and 5 in its summary disposition order resolving Cornelio's appeal of the circuit court's decision on Cornelio's Second Rule 40 Petition. Therefore, the only issue we must address is whether Cornelio raised a colorable claim that he received improper multiple punishments based on these convictions.
The test for determining if convictions under separate statutes result in unlawful multiple punishments is the "same elements" test. Feliciano, 107 Hawai`i at 480, 115 P.3d at 659. Under the "same elements" test, there is no double-jeopardy violation "if each offense has an element that the other does not[.]" Id. at 479, 115 P.3d at 658. Although each of the remaining offenses relating to firearms, Counts 2 and 5, are based on the same shotgun involved in the Count 3 prohibited-possession-of-a-firearm charge, the offense charged in Counts 2 and 5 each has an element that the other does not.
Count 2, place to keep firearm in violation of HRS § 134-6(c) (1993), has the additional elements of "without it being within an enclosed container" and "in a place other than his place of business, residence, or sojourn[.]" Count 5, possession of a prohibited firearm or device in violation of HRS § 134-8 (1993), has the additional element of a shotgun "with a barrel length less than eighteen inches."
Since the offenses charged in Counts 2, 3, and 5 do not share all the same elements, they are separate offenses for multiple-punishment purposes. Therefore, Cornelio did not raise a colorable claim that his sentences for Counts 2, 3, and 5 violated the prohibition against double jeopardy.

CONCLUSION
In light of the foregoing discussion, we:
(1) Vacate the "Findings of Fact, Conclusions of Law, and Judgment Denying [HRPP] Rule 40 Petition for Post-Conviction Relief" filed on July 31, 2007;
(2) Vacate that part of the June 7, 2000 Third Amended Judgment that imposed a sentence as to Count 3 for prohibited possession of a firearm in violation of HRS § 134-7(b), and Count 4 for prohibited possession of firearm ammunition in violation of HRS § 134-7(b); and
(3) Remand this case to the Circuit Court of the Second Circuit for further proceedings consistent with this opinion.
NOTES
[1] The Honorable Shackley F. Raffetto presided.
[2] This court takes judicial notice of the records and files in appeal Nos. 19479, 20819, 27395, and 28497.
[3] Cornelio was represented on appeal of the First Order by Vickie Russell, Esq.